E-FILED; Baltimore County Circuit Court
Docket: 2/3/2026 5:00 PM; Submission: 2/3/2026 5:00 PM
Envelope: 24950015

| | | |
|---|---|---|
| **PIKESVILLE ARMORY**<br>**FOUNDATION, INC.**<br>640 Reisterstown Road,<br>Pikesville, Maryland 21208 | * <br><br> * <br><br> * | **IN THE**<br><br>**CIRCUIT COURT**<br><br>**FOR** |
| *Plaintiff,* | * | **BALTIMORE COUNTY** |
| v. | * | Case No.:  C-03-CV-26-000481 |
| | * | |
| **JULIAN HAMMOND**<br>7366 Wexford Terrace,<br>Boco Raton, Florida 33433-4158 | * <br><br> * <br><br> * | |
| **LAUREN HAMMOND**<br>7366 Wexford Terrace,<br>Boco Raton, Florida 33433-4158 | * <br><br> * <br><br> * | |
| **IRVING PLACE, LLC**<br>Serve On:<br>David I. Katz, Resident Agent<br>1777 Reisterstown Road, Suite 40<br>Baltimore, Maryland 21208 | * <br><br> * <br><br> * <br><br> * | |
| *Defendants.* | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## VERIFIED COMPLAINT TO QUIET TITLE BY ADVERSE POSSESSION

Plaintiff, Pikesville Armory Foundation, Inc. ("Plaintiff" or "PAF"), by and through its undersigned counsel, hereby submits this Complaint to Quiet Title (this "Complaint"); and in support thereof states as follows:

**PARTIES**

1.   Plaintiff is a Maryland 501(c)(3) nonprofit corporation with a principal office address of 640 Reisterstown Road, Pikesville, Maryland 21208.

2.   Defendant Julian Hammond and Lauren Hammond (the "Hammonds") are individual persons and the fee-simple owners of two of the parcels of real property situate and lying in Baltimore County, Maryland, described in further detail below, that are the subject of this Complaint.

3.   Defendant Irving Place, LLC ("Irving Place," and collectively with the Hammonds, the "Defendants") is a Maryland forfeited, limited liability company with a principal office address of 1777 Reisterstown Road, Suite 40, Baltimore, Maryland 21208; and the fee-simple owner of one of the parcels of real property situate and lying in Baltimore County, Maryland, described in further detail below, that is the subject of this Complaint.

4.   Upon information and belief, Defendant Julian Hammond is an authorized member of Defendant Irving Place.

**JURISDICTION & VENUE**

5.   Plaintiff re-alleges and fully incorporates by reference Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6.   Jurisdiction is proper pursuant to Md. Code. Ann. Cts. & Jud. Proc. § 6-102(a) and § 6-103(b)(1) and (5) because Defendants own real property and conduct business in the State of Maryland.

2

7.  Venue is proper pursuant to Md. Code Ann. Cts. & Jud. Proc. § 6-201(a) and §6-202 (a)(7) because Defendants regularly conduct business in Baltimore County, Maryland, and the real property at issue in this matter is located in Baltimore County, Maryland.

## FACTS

8.  Plaintiff re-alleges and fully incorporates by reference Paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9.  Plaintiff is the fee-simple owner of that certain parcel of real property situate and lying in Baltimore County, Maryland, commonly known as the Pikesville Armory located on Reisterstown Road, and more particularly described in that certain Deed dated September 26, 2023 recorded in the Land Records of Baltimore County, Maryland (the "Land Records") in Liber 48433; folio 369 (the "Armory Property" or "Plaintiff's Property").

10. The State of Maryland (the "State") acquired the Armory Property in or around 1902 and thereafter constructed the Pikesville Armory, which housed, among other units, the Maryland National Guard's 110th Field Artillery Battalion. The State decommissioned the Pikesville Armory for active use as part of the Maryland National Guard in or around 2016. The State, however, continued to consistently use the Armory Property thereafter for such things as events, gatherings, and meeting space.

11. On or around September 26, 2023, the State transferred the Armory Property to Baltimore County, Maryland (the "County") by that certain Deed recorded in the Land Records at Liber 48433; folio 361.  The County then transferred the Property to Plaintiff for redevelopment as a intergenerational community hub.

3

12. Defendants own those three (3) parcels of real property to the south of the Armory Property known as 8 Irving Place, Baltimore, Maryland 21208 ("8 Irving Place"), 10 Irving Place, Baltimore County, Maryland, 21208 ("10 Irving Place"), and 12 Irving Place, Baltimore County, Maryland 21208 ("12 Irving Place", and collectively with 8 Irving Place and 10 Irving Place, the "Defendants' Properties").

13. Defendant Hammonds are the fee-simple owners of 8 Irving Place and 12 Irving Place through those certain Deeds recorded in the Land Records in Liber 37109; folio 314, and Liber 38782; folio 253, respectively.

14. Defendant Hammonds acquired 8 Irving Place on or around November 23, 2015.

15. Defendant Hamonds acquired 12 Irving Place on or around March 10, 2017.

16. Defendant Irving Place is the fee-simple owner of 10 Irving Place through that certain Deed recorded in the Land Records in Liber 39552; folio 38.

17. Defendant Irving Place acquired 10 Irving Place on or around October 10, 2017.

18. The Armory Property and the Defendants' Properties  are oriented along and around that certain private road known as McHenry Avenue, formerly known as Armory Drive (the "Private Road"). The Private Road is approximately 0.3727 acres, more or less, and more particularly described by the metes and bounds description attached hereto and incorporated herein by reference as **Exhibit A**.

19. Since at least 2001, Plaintiff, and Plaintiff's predecessors-in-title, have exclusively used the Private Road for egress and ingress to the western portion of the Armory Property from Reisterstown Road.

4

20. The Private Road, the Armory Property and Defendants' Properties are shown and delineated on the plan attached hereto as **Exhibit B**. 8 Irving Place, 10 Irving Place, and 12 Irving Place are respectively labeled as Lot 5, Lot 6, and Lot 7 on **Exhibit B**, an image of which is provided below for convenience:



21. The Armory Property binds along the western side of the Private Road. *See* **Exhibit B**.

22. The rear property lines of 8 Irving Place and 10 Irving Place bind along the southeastern side of the Private Road.  *See* **Exhibit B.**

23. The Private Road is not included in the deed description or chain of title for 8 Irving Place or 10 Irving Place.

24. 8 Irving Place and 10 Irving Place do not have any means of direct access to the Private Road. The rear property lines for each parcel are partitioned from the Private Road by fencing and jersey wall barriers ("Barriers") installed by Plaintiff's predecessor-in-title.

25. The northwesternmost portion of 12 Irving Place extends into the Private Road at its terminus in the shape of a triangle (the "Triangle Area"). *See* **Exhibit B**.

26. Despite extending into the Private Road, 12 Irving Place does not have any means of direct access to the Private Road. The Private Road, inclusive of the Triangle Area, is partitioned from the reminder of 12 Irving Place by fencing.  Further, over twenty-one years ago, Plaintiff's predecessor in interest installed a gate across the Private Road (the "Gate"), which prohibits access from the Private Road into the southwestern portion of the Armory Property.  Almost the entire expanse of the Gate is situated within the Triangle Area, and the Plaintiff and its predecessors in interest have operated and maintained the Gate in this location for over twenty-one years.

<u>**COUNT I (ADVERSE POSSESSION)**</u>

27. Plaintiff re-alleges and fully incorporates by reference Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Since at least 2001, Plaintiff, and Plaintiff's predecessors-in-title, have exclusively and openly used the Private Road, including the Triangle Area, as part of the Armory Property as if they were the actual fee-simple owners of the Private Road.

6

29. Since at least 2001, Plaintiff, and Plaintiff's predecessor-in-title, have exclusively and openly maintained the Private Road in a manner consistent with actual ownership including, but not limited to, snow removal, paving repairs, installation and maintenance of the Gate and the Barriers, installation of signage, and parking enforcement,.

30. Since at least 2001, Plaintiff, and plaintiff's predecessors-in-title, have openly and exclusively used the Private Road, including the Triangle Area, for ingress and egress to the rear portion of the Armory Property.

31. Since at least 2001, Plaintiff, and Plaintiff's predecessor-in-title, have made open and notorious acts consistent with that of an actual owner to maintain exclusive control and use of the Private Road.

32. In or around 2001, Plaintiff's predecessor-in-title installed the Barriers along the eastern boundary of the Private Road excluding Defendants, and Defendants' predecessors-in-title, from using the Private Road.

33. In or around 2001, Plaintiff's predecessor-in-title installed fencing along the eastern boundary of the Private Road excluding Defendants, and Defendants' predecessors-in-title, from using the Private Road.

34. In or around 1962, Plaintiff's predecessor-in-title installed no parking signs along the eastern boundary of the Private Road and regularly enforced against parking along the Private Road.

35. Plaintiff's, and Plaintiff's predecessors-in-title's, use of the Private Road as described herein has been hostile to all others who may claim an ownership interest in the Private Road including Defendants, and Defendants' predecessors-in-title. Plaintiff, and Plaintiff's

predecessors-in-title, never received permission to use the Private Road from any person claiming ownership in the Private Road, including Defendants and Defendants' predecessors-in-title.

36. Plaintiff's, and Plaintiff's predecessors-in-title's, use of the Private Road as described herein has been actual, open, notorious, continuous, exclusive, and hostile for more than twenty (20) years.

**WHEREFORE**, Plaintiff Pikesville Armory Foundation, Inc. respectfully requests this Court:

(a) Issue an order terminating any rights, title, and interest that may be held by Defendants in the Private Road described in detail by the metes and bounds description attached hereto as **Exhibit A**;

(b) Issue an order declaring that all rights, title and interest in the Private Road described in detail by the metes and bounds description attached hereto as **Exhibit A** is to be vested in Plaintiff;

(c) Award Plaintiff fee-simple ownership of the Private Road as described in detail by the metes and bounds description attached hereto as **Exhibit A** and against and adverse to any claim of Defendants; and

(d) Award Plaintiff any such further relief the Court deems necessary and proper.

Dated: February 3, 2026                    Respectfully submitted,

                                           */s/ Matthew T. Murnane*
                                           Matthew T. Murnane (CPF No. 941240261)
                                           Christopher D. Mudd (CPF No. 0412150109)
                                           Christopher M. DeCarlo (CPF No. 1812110088)
                                           Venable LLP
                                           210 West Pennsylvania Avenue, Suite 500

Towson, Maryland 21204
cdmudd@venable.com
mtmurnane@venable.com
cmdecarlo@venable.com
T: (410) 494-6200
F: (410) 821-0147

*Counsel for Plaintiff,*
*Pikesville Armory Foundation, Inc.*

## **VERIFICATION**

I, David Ginsburg, am over 18 years of age and am competent to provide the verification herein.

In my capacity as Executive Director of the Pikesville Armory Foundation, Inc., I solemnly affirm

under the penalties of perjury that I have authorized the filing of the foregoing Verified Complaint

to Quiet Title by Adverse Possession (the "Complaint") and that the contents of the Complaint are

true and accurate to the best of my knowledge, information and belief.

David Ginsburg
Executive Director
Pikesville Armory Foundation, Inc.

9

E-FILED; Baltimore County Circuit Court
Docket: 2/3/2026 5:00 PM; Submission: 2/3/2026 5:00 PM
Envelope: 24950015
1614 Churchville Road, Suite 3LL
Bel Air, Maryland 21015
410-925-0080 (cell)

**BOOK: 50502 PAGE: 449**

**v̄erdantas**

**EXHIBIT A**

Legal Description

**McHenry Avenue (Armory Drive)**

Baltimore County, Maryland

C-03-CV-26-000481

Beginning for the same at the intersection of the southwest right of way of Reisterstown Road and the southeast right of way line of Armory Drive (now known as McHenry Avenue), thence running with said southeast right of way line of Armory Drive as shown on the plat entitled "Plat No. 1, Property of Louis Steele Realty Co.", which plat is recorded among the Land Records of Baltimore County in Plat Book W.P.C. 5, page 90, referring all courses of this description to the Maryland Coordinate System (NAD 83/2011 epoch 2010):

1.) South 52 degrees 22 minutes 14 seconds West for a distance of 360.82 feet to intersect the 4th line or 138 feet 11 inches foot line of the land which by deed dated March 10, 2017 and recorded among the Land Records of Baltimore County, Maryland in Liber 38782, folio 253 was conveyed by the Estate of Esther Marie Warren to Julian Hammond and Lauren Hammond, thence continuing in a straight line through the lands of Hammond,

2.) South 52 degrees 22 minutes 14 seconds West for a distance of 45.00 feet to intersect the 2nd line or South 37 degrees 34 minutes 16 seconds West 158.51 foot line of the land which by deed dated September 26, 2023 and recorded among the land records of Baltimore County, Maryland in Liber 48433, folio was conveyed by Baltimore County, Maryland to the Pikesville Armory Foundation, Inc., thence running reversely on said line and also running with a portion of the 2nd line of the aforementioned conveyance to Hammond to the end thereof,

3.) North 37 degrees 37 minutes 42 seconds West for a distance of 32.92 feet, thence continuing reversely on the aforementioned 2nd line of the conveyance to the Pikesville Armory Foundation, Inc.

4.) North 37 degrees 37 minutes 42 seconds West for a distance of 7.08 feet to the end thereof and to the north side of an apparent gap of unrecorded road, 40 feet wide, thence running reversely on the 1st line of said conveyance to the Pikesville Armory Foundation, Inc.

5.) North 52 degrees 22 minutes 14 seconds East for a distance of 405.97 feet to the right of way line of Reisterstown Road, thence running southeasterly with said right of way line

6.) South 37 degrees 24 minutes 20 seconds East for a distance of 40.00 feet to the point of beginning.

Containing 16,236 square feet and 0.3727 acres, more or less.

Being a portion of the land which by deed dated March 10, 2017, and recorded among the Land Records of Baltimore County, Maryland in Liber 38782, folio 253 was conveyed by the Estate of Esther Marie Warren to Julian Hammond and Lauren Hammond.

Also being an unrecorded road or gap between the lands of the Pikesville Armory Foundation, Inc. and the lands depicted on the plat entitled "Plat No. 1, Property of Louis Steele Realty Co.", which plat is recorded among the Land Records of Baltimore County in Plat Book W.P.C. 5, page 90.

**v**

**Verdantas.com**

BOOK: 50502 PAGE: 450

A licensee either personally prepared this description or was in responsible charge over its preparation and survey work reflected on it, all in compliance with requirements set forth in COMAR Regulation 09.13.06.12.

_____

Charles S. Ruzicka, LS        04/03/2025
Registered Maryland Professional Land Surveyor, No. 21169,
Expiration Date: 6/26/2025





BALTIMORE COUNTY CIRCUIT COURT (Land Records) JLE 50502 p.0450 MSA_CE_62_50359. Date available 9/16/2025. Printed 1/8/2026.

Verdantas.com    2

BALTIMORE COUNTY CIRCUIT COURT (Land Records) JLE 50502 p.0451 MSA_CE_62_50359 Date available 9/16/2025 Printed 1/8/2026.

C-03-CV-26-000481

E-FILED; Baltimore County Circuit Court
Docket: 2/3/2026 5:00 PM; Submission: 2/3/2026 5:00 PM
Envelope: 24950015

BOOK: 50502 PAGE: 451



E-FILED; Baltimore County Circuit Court
Docket: 2/3/2026 5:00 PM; Submission: 2/3/2026 5:00 PM
Envelope: 24950015

IN THE CIRCUIT COURT FOR  BALTIMORE COUNTY
*City/County*

# CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

## DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a). *Defendant:* You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT          CASE NUMBER  C-03-CV-26-000481
                                                                                                 (Clerk to insert)

**CASE NAME:** PIKESVILLE ARMORY FOUNDATION, INC  vs.  JULIAN HAMMOND, et al.
                   Plaintiff                                                        Defendant

**PARTY'S NAME:** Pikesville Armory Foundation, Inc.          PHONE:

**PARTY'S ADDRESS:** 640 Reisterstown Road, Pikesville, MD 21208

**PARTY'S E-MAIL:**

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** Matthew T. Murnane     PHONE: 410-494-6200

**PARTY'S ATTORNEY'S ADDRESS:** Venable LLP, 210 W. Pennsylvania Avenue, Suite 500, Towson, MD 21204

**PARTY'S ATTORNEY'S E-MAIL:** mtmurnane@venable.com

**JURY DEMAND?** ☐ Yes ☒ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known:

**ANTICIPATED LENGTH OF TRIAL?:**_____ hours 1 _____ days

## PLEADING TYPE

**New Case:** ☒ Original  ☐ Administrative Appeal  ☐ Appeal
**Existing Case:** ☐ Post-Judgment  ☐ Amendment
*If filing in an existing case, skip Case Category/Subcategory section – go to Relief section.*

## IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

**Government**
☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☒ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 09/2025)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☒ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☒ Possession | ☐ Writ-Mandamus |
| ☐ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.     ☐ Liability is not conceded, but is not seriously in dispute.     ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☐ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | |
|---|---|---|---|
| A. Mediation | ☐ Yes ☐ No | C. Settlement Conference | ☒ Yes ☐ No |
| B. Arbitration | ☐ Yes ☐ No | D. Neutral Evaluation | ☐ Yes ☐ No |

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*

### *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☐ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of          ☒ **Standard** - Trial within 18 months of

Defendant's response                               Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited -** Trial within 7 months of Defendant's response          ☐ **Standard -** Trial within 18 months of Defendant's response

### IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. | |
| ☐ Civil-Short | Trial 210 days from first answer. | |
| ☐ Civil-Standard | Trial 360 days from first answer. | |
| ☐ Custom | Scheduling order entered by individual judge. | |
| ☐ Asbestos | Special scheduling order. | |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff _____ . | |
| ☐ Tax Sale Foreclosures | Special scheduling order. | |
| ☐ Mortgage Foreclosures | No scheduling order. | |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

February 3, 2026
_____
Date

Venable LLP, 210 W. Pennsylvania Ave., Ste. 500
_____
Street Address

| Towson | MD | 21204 |
|---|---|---|
| City | State | Zip Code |

*Meth T. Murnane*  CPF #941240261
_____  _____
Signature of Attorney/Party   Attorney Number

Matthew T. Murnane
_____
Printed Name

mtm@venable.com
_____
E-mail